IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(Anniston)

IN RE: )
)
KYLE BRAFORD MITCHELL; ) CASE NO. 25-40081-JJR13
CORIE SHELBY MITCHELL, )
)
    Debtors. )

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Pursuant to 11 U.S.C. § 362(d)(1), creditor Dr. Miniyar's Pediatrics, P.C. (the "Practice") hereby asks this Court to enter an order lifting the automatic stay so that it may take the necessary steps to terminate Debtor Corie S. Mitchell's employment, for cause. In support, the Practice submits the Affidavit of Dr. Raj Miniyar attached here as Exhibit A and states the following:

### Relevant Background

1. Debtor is currently employed by the Practice as a nurse practitioner, a position she started in September, 2023. (Exhibit A).

2. The terms of Debtor's employment are detailed in an Employment Agreement executed by the Parties on or around September 13, 2023.[1] (Exhibit A).

3. Among other terms, the Employment Agreement includes specific provisions related to termination of Debtor's employment, for cause or otherwise. Paragraph 1 of the Employment Agreement provides:

> 1. **RELATIONSHIP OF THE PARTIES**. Subject to all of the terms and conditions of this Agreement, including, without limitation, the credentialing procedures and the licensing requirements, Practice hereby employs Provider and Provider hereby accepts employment with Practice upon the terms and conditions of this Agreement and subject to Practice's bylaws and the rules practices policies,

---

[1] A true and correct copy of the Employment Agreement is included as Exhibit 1 to the Affidavit of Dr. Raj Miniyar.

and procedures established from time to time by Dr Raj Miniyar, the Practice's president ("President").

Paragraph number 7(b)(ii) further provides:

>   7.(b) **Termination by Practice with Cause**. Practice shall have the right to terminate this Agreement and discharge Provider with cause, at any time. . . . "[W]ith cause" shall mean:
>
>   ii. **Misconduct by Provider**: Conduct by Provider that amounts to fraud, dishonesty, . . . gross negligence, insolence, insubordination, or willful misconduct in the performance of the duties hereunder, or in Provider's relationship with Practice, its employees, or patients;

Paragraph number 7(b)(xii) further provides:

>   xii. **Negative Work Habits**. . . . . [P]oor productivity on the behalf of Provider and subversive behavior (but only after written notice is given to Provider of any such failure and Provider is given a reasonable opportunity to cure such failures (not to exceed fifteen days);

(Exhibit A, at Exhibit 1).

4. Debtor has engaged in misconduct and negative work habits in connection with her employment. In support, the Practice submits the statements of Michelle Piazza (a Certified Clinical Medical Assistant employed with the Practice), Veronica Ortiz (a Supervisor and Pediatric Nurse Practitioner with the Practice), and Mercedes Miller (parent of a pediatric patient of the Practice). (Exhibit A, at Exhibits 2, 3, and 4).

5. Dr. Raj Miniyar, the owner of the Practice, has made repeated attempts to modify or correct Debtor's behavior over the last several months, yet Debtor's conduct has continued to decline. (Exhibit A).

6. On or around July 31, 2025, Debtor notified the Practice that she intended to resign, effective October 29, 2025, citing a 90-day notice period detailed in the Employment Agreement. (Exhibit A). However, Debtor's conduct is causing great harm to the Practice's reputation in the

community; therefore, the Practice wishes to terminate Debtor's employment as soon as possible, for cause. (Exhibit A).

7. Prior to filing this Motion, the Practice, through counsel, has made reasonable efforts to obtain Debtor's consent to the relief requested in this Motion. However, to date, Debtor has been unwilling to agree that the automatic stay should be lifted to allow the Practice to exercise its right to terminate her employment under the terms of the Employment Agreement. Though it is not completely clear that the automatic stay serves as a bar to the Practice terminating Debtor's employment because such an action is not an attempt to collect a prepetition debt,[2] the Practice hereby files this Motion seeking the Court's approval to exercise that contractual right.

## Argument and Request for Relief

8. This Court should lift the automatic stay in favor of the Practice for cause.

9. Relief from the automatic stay is warranted under 11 U.S.C. § 362(d)(1) where a bankruptcy court finds cause, including lack of adequate protection. "Cause" is not defined in the Bankruptcy Code, but the omission is intentional as it allows a "Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995) (finding that cause is determined on a case by case basis). *See also In re Jefferson County*, 484 B.R. 427, 465 (Bankr. N.D. Ala. 2012) ("Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis.").

10. Over the last several months, Debtor's working relationship with the Practice has severely deteriorated. Debtor has indicated her intention and desire to resign; yet Debtor remains employed by the Practice under the terms of the Employment Agreement. Nonetheless, Debtor has

---

[2] Counsel for the Debtor sent a letter to the Practice on August 6, 2025 which notified the Practice of Debtor's bankruptcy filing and specifically advised the Practice that the automatic stay was in effect.

taken a number of actions which are detrimental to the Practice and its employees. (*See* Exhibit A, at Exhibits 2, 3, and 4). Thus, the Practice submits that Debtor's continued employment poses significant dangers to the Practice's ongoing business operations and professional reputation.

11. The Practice's request for relief here is limited and narrow. Through this Motion, the Practice simply seeks stay relief so that it may terminate Debtor's employment in accordance with the terms of the Employment Agreement. And this Court's granting such relief will not prejudice any rights or arguments Debtor may assert as to the Practice's determination that cause exists for the termination, or as to any amounts the Practice may include in a subsequently filed proof of claim.

12. Thus, the Practice submits that sufficient cause exists in this case to terminate the automatic stay to allow it to exercise its contractual right to terminate Debtor's employment.

**THEREFORE**, the Practice asks this Court to enter an Order terminating the automatic stay as to the Property for cause as detailed herein.

Respectfully submitted,

/s/ *Thomas B. Humphries*
Richard E. Smith
Thomas B. Humphries

**Counsel for Dr. Miniyar's Pediatrics, P.C.**

<u>OF COUNSEL:</u>
**CHRISTIAN & SMALL, LLP**
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel: 205-795-6588
Fax: 205-328-7234
res@csattorneys.com
tbh@csattorneys.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2025 I filed the forgoing document with the Clerk of Court via the CM/ECF electronic filing system which will provide electronic notice to the following individuals:

| | |
|---|---|
| Ralph K Strawn, Jr | Linda Baker Gore |
| Strawn & Robertson, LLC | Chapter 13 Trustee |
| 2401 Rainbow Drive | P.O. Box 1338 |
| Gadsden, AL 35901 | Gadsden, AL 35902 |
| 256-459-4548 | 256 546-9262 |
| Fax : 256-459-4435 | |
| rstrawn@srlawfirm.comcastbiz.net | |

                                        /s/ *Thomas B. Humphries*
                                        OF COUNSEL