UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE: }
KYLE BRADFORD MITCHELL } Case No. 25-40081-JJR13
CORIE SHELBY MITCHELL }
      Debtor(s). } Chapter 13

## OBJECTION TO THE PRACTICE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Debtor Corie Shelby Mitchell ("Debtor") objects to the Motion for Relief from the Automatic Stay filed by Dr. Miniyar's Pediatrics, P.C. (the "Practice"), and avers as follows:

1. Debtor denies that she has engaged (or is engaging) in any misconduct or negative work habits in connection with her employment and demands strict proof thereof.

2. Debtor denies each and every statement made by Dr. Miniyar in his affidavit and demands strict proof thereof.

3. Debtor denies each and every statement made by Michelle Piazza, Veronica Ortiz, and Mercedes Miller in their unsworn statements and demands strict proof thereof.

4. The unsworn statements of Piazza, Ortiz, and Miller attached to the Affidavit of Dr. Raj Minivar are hearsay, and therefore inadmissible in evidence. To the extent that Dr. Miniyar relies upon these hearsay documents in his affidavit, his statements under oath are hearsay also. Debtor denies the statements of Piazza, Ortiz, and Miller come within the business records exception to the hearsay rule.

5. Debtor notified the Practice on or about July 31, 2025, that she intended to resign, effective October 29, 2025, citing the 90-day notice period detailed in the Employment Agreement. Her right under her employment agreement to continue to work and be paid through October 29,

2025, is property of the estate. See *In re Hutchins,* 211 B.R. 325 (Bankr.E.D.Arkansas 1997) (copy attached).

6. Debtor is in Chapter 13 bankruptcy, and needs to remain employed and be paid through October 29, 2025, while she seeks other employment. Debtor denies the Practice has any grounds to terminate her for cause, or to enforce the liquidated damages clause in her employment agreement. Debtor also denies the liquidated damages clause in her employment contract is valid.

7. Any order granting the Practice's motion for relief from stay to terminate the Debtor should require the Practice to pay all salary due her through October 29, 2025, or to have to post a bond in such amount as may be adequate to protect the interests of the Debtor and her creditors.

8. Debtor is in the process of obtaining counsel in Georgia to advise and assist her in this matter. The undersigned attorney is not licensed in Georgia and cannot assist or advise the Debtor concerning her employment rights under Georgia law or the Georgia employment agreement which is the subject of the Practice's motion. The Debtor reserves the right to supplement her response to this motion with further facts and arguments after receiving advice from Georgia legal counsel.

/s/ Ralph K. Strawn, Jr.
RALPH K. STRAWN, JR.
ATTORNEY FOR DEBTOR

OF COUNSEL:
STRAWN & ROBERTSON, LLC
2401 Rainbow Drive
Gadsden, AL 35901
(256)459-4548 tel
(256)459-4435 fax
rstrawn@srlawfirm.comcastbiz.net

2

Declaration Pursuant to 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: August 19, 2025                  s/ Corie Shelby Mitchell
                                                      Corie Shelby Mitchell

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August, 2025, I have served a copy of Debtor's Objection to Employer's Motion for Relief from Stay by electronic transmission on Linda B. Gore, at debtors@bellsouth.net, and on all creditors listed on the attached matrix by regular mail, postage prepaid, on this the 19th day of August, 2025.

                                              /s/ Ralph K. Strawn, Jr.
                                              **Ralph K. Strawn, Jr.**
                                              Attorney for Debtors