# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

IN RE:                                  )
                                        )
KYLE BRADFORD MITCHELL;                 )
CORIE SHELBY MITCHELL,                  )     CASE NO. 25-40081-JJR13
                                        )
    Debtors.                            )

## AGREED ORDER ON MOTION FOR RELIEF FROM STAY

Pending before the Court is the *Motion for Relief from the Automatic Stay* [Docket No. 74] (the "**Motion**") filed by Dr. Miniyar's Pediatrics, P.C. (the "**Practice**") and the *Objection to the Practice's Motion for Relief from the Automatic Stay* [Docket No. 79] (the "**Objection**") filed by Corie Shelby Mitchell (the "**Debtor**" and, together with the Practice, the "**Parties**"). The Court scheduled a hearing on the Practice's Motion and the Debtor's Objection for August 21, 2025. Appearances were made at the hearing by Richard E. Smith and Bradley R. Hightower on behalf of the Practice, by Ralph K. Strawn, Jr. on behalf of the Debtor, and by Linda B. Gore, the Chapter 13 Trustee.

At the hearing, the Parties announced that they had reached an agreement resolving the Motion and the Objection and those terms are incorporated herein. Accordingly, the Court ORDERS that:

1. The Motion is GRANTED in part, and the Objection is SUSTAINED in part.

2. The automatic stay is MODIFIED to permit the Parties to terminate the Employment Agreement between the Practice and the Debtor effective as of August 21, 2025.

3. The Practice is ORDERED to pay to the Office of the Chapter 13 Trustee all amounts that would ordinarily be owed to the Debtor under the Employment Agreement (if that

agreement had not been terminated) for the time period beginning on August 22, 2025 and ending on October 29, 2025.[1]

4. The Chapter 13 Trustee is ORDERED to hold the amounts paid by the Practice pending further orders by the Court.

5. The Practice shall RETAIN ALL CLAIMS that it may have against the Debtor, and the Debtor shall RETAIN ALL CLAIMS that she may have against the Practice.

6. The Practice will provide the Debtor with no less than a NEUTRAL REFERENCE to any prospective employer. A neutral reference shall mean that prospective employers will be advised only as to the dates of the Debtor's employment and job title. Last salary may be provided if the Debtor provides a written release for same.

7. No determination is being made by the Court at this time regarding the merits of the Parties' respective claims against each other. The Practice and the Debtor may seek a DETERMINATION ON THE MERITS through the claims adjudication process (i.e., the filing of a proof of claim by the Practice, and an objection, if any, to that claim by the Debtor); through the filing of an adversary proceeding by either Party against the other; or through such other means or procedures authorized by the Court.

8. After the Court makes a determination on the merits of the Parties' claims, or upon the Court's approval of any further settlement between the Parties, the Court will enter an order explaining how the Chapter 13 Trustee should DISBURSE the amounts paid to the Chapter 13 Trustee by the Practice.

9. Paragraph 8 of the Employment Agreement, titled "Non-Competition and Non-Solicitation of Patients and Employees," shall REMAIN EFFECTIVE AND ENFORCEABLE

---

[1] The Practice is not required to pay the entire aggregate amount of the payments immediately; rather, the Practice may pay the payments each pay period when they would ordinarily come due.

pending the Court's determination regarding the merits of the Parties' claims, or upon the Court's approval of any further settlement between the Parties.

10. The Court expects the Parties to proceed in a prompt manner towards resolution of their respective claims against each, whether through settlement, through the claims adjudication process, through an adversary proceeding, or through such other means or procedures authorized by the Court. Either Party may, at any time, file a request with the Court to schedule a status hearing regarding the efforts made by the Parties to this end.

DATED and ORDERED: September 4, 2025

/s/ James J. Robinson
JAMES J. ROBINSON
U.S. BANKRUPTCY JUDGE

**Read and agreed:**

/s/ Bradley R. Hightower
Bradley R. Hightower
Attorney for Dr. Miniyar's Pediatrics, P.C.

/s/ Ralph K. Strawn, Jr.
Attorney for Corie Shelby Mitchell

/s/ Linda B. Gore
Linda B. Gore, Chapter 13 Trustee